### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER CROOM,

        Plaintiff,

v.

        Case No. 17-cv-631-NJR

BRANDY TRIPP, BRENDA OETJEN,
and KILE WESTERMAN,

        Defendants.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Defendants' bill of costs (Doc. 119). Defendants seek $525.00 in costs for deposition transcripts. Plaintiff Christopher Croom has filed an objection (Doc. 121) to the bill of costs in which he argues that he should not be required to pay costs because his claims were not frivolous. Croom also notes that he is currently incarcerated and has no income. He also objects to the $4.00 per page transcript cost. Defendants have filed a response to the objections (Doc. 123). Croom has filed a reply (Doc. 124).

Federal Rule of Civil Procedure 54(d)(1) provides that "costs-other than attorney's fees- should be allowed to the prevailing party." In the Seventh Circuit, "there is a heavy presumption in favor of awarding costs to the prevailing party." *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly defined- the court must award costs unless it states good reasons for denying them."

*Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). The Seventh Circuit recognizes, however, that the court may, in its discretion, deny costs where the losing party is indigent. *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006). The burden is on the losing party to show that they are incapable of paying costs. *Id.*

Costs do not include all litigation expenses. Rather, costs are particular statutorily-defined categories of incurred charges worthy of reimbursement. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987); *Hairline Creations, Inc. v. Kefalas*, 664 F.2d 652, 655 (7th Cir. 1981).

28 U.S.C. § 1920 sets forth the categories of expenses which properly may be taxed, including:

(1)    Fees of the clerk and marshal;

(2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)    Fees and disbursements for printing and witnesses;

(4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)    Docket fees under section 1923 of this title;

(6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Croom argues that he should not have to pay costs because his claims were not frivolous, and he is currently incarcerated with no income. It appears that Croom is making an argument that he should not be required to pay costs due to his indigent

status, which requires consideration of the losing party's good faith and ability to pay. The Court recognizes its discretion to decline an award of costs based upon the indigence of a party against whom costs are sought. *See Rivera*, 469 F.3d at 634. To consider the indigence exception, the Court must conduct a two-step analysis: (1) the Court "must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future"; and (2) the Court "should consider the amount of the costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by [the] case." *Id.* at 635. The burden of threshold factual finding of a party's inability to pay is placed on the losing party and should be supported by documentation in the form of "an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Id.*

The Court finds that Croom has not met his threshold burden of showing that he is incapable of paying. He has filed neither an affidavit nor any other evidence indicating his current income/assets and expenses. He also does not indicate in the motion why he is unable to pay the costs other than to say that he is currently incarcerated and does not have a job at the prison. While Croom argues that his case was brought in good faith, he has not met his threshold showing of his inability to pay the costs. Accordingly, his request to deny the costs on the basis of his indigent status is **DENIED**.

Croom next takes issue with the transcript fee of $4.00 per page. He argues that he has never heard of a copy costing $4.00 per page. But Defendants point out that the charge was not a copying fee, but the fee for the court reporter to prepare the transcript. The Court finds the fee to be reasonable.

Accordingly, the Court **GRANTS** the bill of costs and **DIRECTS** the Clerk of Court to tax a total of **five hundred twenty-five dollars ($525.00)**.

**IT IS SO ORDERED.**

**DATED:    June 22, 2020**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**